## JOHN A. CAVANAUGH

### v.

## DAVID MCWILLIAMS ET AL.

*Mortgages—Foreclosure—Sale to Defendant—Affirmance of Decree upon Review of Evidence.*

Upon a bill filed to foreclose a junior mortgage this court holds that the evidence, although conflicting, sufficiently supports the decree of the court below, sustaining the answer of the defendant, which set up a sale to him by the complainant of the note and mortgage in question.

[Opinion filed January 8, 1887.]

APPEAL from the Circuit Court of Livingston County; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. R. R. WALLACE, for appellant.

Messrs. STRAWN & PATTON, for appellee.

BAKER, P. J.    John A. Cavanaugh, the appellant, filed his bill in the Livingston Circuit Court to foreclose a junior mortgage on forty acres of land.

In 1876, O'Donnell, the mortgagor, executed a prior mortgage to Thurston Macomber to secure $600 due in five years with ten per cent. interest; and this Macomber mortgage was in 1879 transferred to one Watkins, and by Watkins assigned to McWilliams. In 1879 also O'Donnell conveyed the premises by quit-claim deed to Watkins for $1,000; and afterward the latter quit-claimed to McWilliams, the now owner of the land.

The junior mortgage sought to be foreclosed was given by O'Donnell, in 1878, to Ellen Carey to secure a promissory note for $135.41; and this note and junior mortgage were in 1879, in consideration of $40, assigned to appellant.

The defense made by McWilliams was that he, and not

appellant, was the owner of the note and mortgage for $135.41 in suit; that after the purchase of the same by appellant from Ellen Carey for $40 he, McWilliams, bought them from appellant; that he offered him $40 therefor and that such offer was accepted and agreed to, but that the assignment from Ellen Carey was informal and unsatisfactory, and that appellant agreed to go to La Salle County and get a formal assignment or release of the mortgage from said Carey. McWilliams also contended that he always had been and still was able, ready and willing to pay the price agreed upon, with interest.

The court found the answer of McWilliams to be true, and that appellant had sold the note and mortgage upon which foreclosure was sought to McWilliams for $40 and accrued interest; and further found that after the commencement of suit McWilliams tendered appellant $75, as such agreed price with accrued interest, and deposited the same in court, and that it was a sufficient tender for the debt but not for costs accrued at the time of the tender. The decree gave appellant leave to withdraw the tender in satisfaction of his debt, but was against McWilliams for costs.

The only matter of contention between the parties is in respect to the sale of the note and mortgage. The evidence upon that point is quite conflicting, and not entirely satisfactory. Upon a consideration of the testimony as a whole, we are of opinion it sufficiently sustains the answer of McWilliams and the decree of the court. We are unable to say the decree was erroneous, and it is therefore affirmed.

*Affirmed.*